## Commonwealth v. Snyder.

*Otto Herbst,* district attorney, for Commonwealth.

*Charles A. Mertens,* for defendant.

ROSSITER, P. J., April 24, 1931.—This is a "petition (by Snyder's Inc.) for return of punch boards" and sets forth that the petitioner is a corporation, duly incorporated under the laws of the State of Delaware, and is doing business at No. 1523 Peach Street, Erie, Pennsylvania; that by virtue of a search warrant issued by the alderman of the fourth ward of the City of Erie against Arthur Snyder, 1583 punch boards were seized July 1, 1930, from the premises of Snyder's Inc.; that the punch boards are its property, and it, therefore, prays the court to order the punch boards returned to it, their rightful owner.

The officers seizing the punch boards made return as follows:

"To the honorable judges of said court:

"Pursuant to the 60th section of the Act of 31st March, 1860, P. L. 398, the undersigned make return as follows:

"By virtue of a search warrant issued by Edward F. Shugart, alderman of the fourth ward of the City of Erie, Pennsylvania, we did on July 1, 1930, at about 4.30 P. M., seize upon, secure and take 1583 gambling devices known as punch boards from the premises of Arthur Snyder, located at No. 1523 Peach Street, Erie, Pennsylvania, said punch boards are alleged to be the property of the above mentioned Arthur Snyder.

"So answers       "OSCAR ROBB, Sgt. of Police.

             "W. E. COLLINS, Sgt. of Police."

The Act of March 31, 1860, P. L. 382, 398, under which this seizure was made, provides as follows:

"It shall and may be lawful for any sheriff, constable or other officer of justice, with or without warrant, to seize upon, secure and remove any device or machine of any kind, character or description whatsoever, used and employed for the purpose of unlawful gaming as aforesaid, and to arrest, with or without warrant, any person setting up the same. And it shall be the duty of such sheriff, constable or other officer to make return, in writing, to the next court of quarter sessions of the proper county, setting forth the nature and description of the device or machine so seized upon, and the time, place and circumstances under which such seizure was made; and the said court, upon hearing the parties, if they should appear, if satisfied that such device or machine was employed and used for the purpose of unlawful gaming as aforesaid, shall adjudge the same forfeited and order it to be publicly destroyed, and at the same time order such reasonable costs and charges to the seizing officer as they

shall deem adequate and just, to be paid by the owner or possessor of such device or machine, or in case of his default, or in case he cannot be found, to be paid as costs are now by law paid upon indictments; and such adjudication shall be conclusive evidence to establish the legality of such seizure, in any court of this Commonwealth, in any cause in which the question of its legality shall arise; and in any case in which a decree of forfeiture shall not be pronounced, if said court shall, upon the evidence, be satisfied that there was probable cause for the seizure, they shall certify the same, which certificate shall be a bar to any action brought against the officer for or on account of such seizure, in those cases in which the said officer returns, or offers to return, such device or machine; and in all cases shall prevent a recovery in damages for any sum beyond the real value of the device or machine seized."

It will be observed by the act that any officer, with or without warrant, may seize, secure and remove any device or machine of any kind used and employed for the purpose of unlawful gaming, and the court, upon hearing, if satisfied that such device or machine was employed and used for the purpose of unlawful gaming, shall adjudge the same forfeited. This being a criminal statute, it must be strictly construed. Therefore, it follows that unless the devices seized were used and employed for the purpose of unlawful gaming, and unless the court, upon hearing, is satisfied that such device or machine was employed and used for the purpose of unlawful gaming, there can be no forfeiture under the act. Here, the undisputed testimony is that they were not used and employed for gaming purposes, but were stored in Snyder's Inc., a wholesale house here, and that none of them had ever been set up or used or employed; hence the court cannot be satisfied, under the evidence, that such devices were employed and used for the purpose of unlawful gaming, as the evidence is undisputedly to the contrary. It is, however, contended that the punch boards are gaming devices and cannot be used for any other purpose, and, hence, lose their character as property (although the evidence is to the contrary). However, this may or may not be true, but there is no proof of that fact, and we know of no rule of law that permits us to take judicial notice to that effect. Cards, dice, bowling, billiards, shuffle boards and in fact almost any form of human activity or endeavor may be turned into gambling or may not, and whether or not they are depends upon proof that overcomes the presumption that they are not; but whether or not the punch boards were such devices as only could be used for gambling purposes, if they were not used and employed for that purpose, then, under the act, they were not subject to seizure, and, hence, should be returned to their rightful owner, which, under the evidence, is Snyder's Inc.

The act also provides that in any case in which a decree of forfeiture shall not be pronounced, if the court shall, upon the evidence, be satisfied that there was probable cause for the seizure they shall certify the same, which certificate shall be a bar to any action brought against the officer for or on account of such seizure, in those cases in which the said officer returns, or offers to return, such device or machine.

And now, April 24, 1931, we are of the opinion, therefore, that these punch boards, not having been used or employed for gambling purposes, should be returned to Snyder's Inc., and upon the return thereof, or offer to return, by the officers seizing the same, we certify that there was probable cause for their seizure.                                   From Otto Herbst, Erie, Pa.